# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTILLION DATA SYSTEMS, LLC, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> AVOLENT, INC., a Delaware corporation, <br><br> Defendants. | ) ) ) ) ) ) C. A. No. 05-712 (JJF) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |

## AVOLENT INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY ACTION PENDING REEXAMINATION OF THE '270 PATENT

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

*Attorneys for Defendant Avolent, Inc.*

A. James Isbester
Gillian W. Thackray
ISBESTER & ASSOCIATES
3160 College Avenue, Suite 203
Berkeley, CA 94705
Telephone: (510) 655-3014
Facsimile: (510) 655-3614

Dated: December 1, 2005

## TABLE OF CONTENTS

I. Argument ..............................................................................................................1

    A.    The Ruling in Indiana is Inapposite to this Case ........................................1

    B.    Centillion Will Not Be Prejudiced By A Stay Of Proceedings. ...................................................................................................3

    C.    Centillion's Arguments that the Reexamination will not Simplify Issues are Unavailing ..................................................................6

    D.    Centillion Has Failed to Address All the Factors to be Balanced when Considering a Motion to Stay and Misstated the Burden. ................................................................................8

II. CONCLUSION...................................................................................................10

## **TABLE OF AUTHORITIES**

### **CASES**

*Calmar, Inc. v. Emson Research, Inc.*,
    838 F. Supp. 453 (C.D. Cal. 1993) ................................................................................4

*Cognex Corp. v. National Instruments Corp.*,
    C. A. No. 00-442-JJF, 2001 *WL* 34368283 (D. Del. June 29, 2001) ............................9

*GPAC Inc. V. DWW Enterprises, Inc.*,
    144 F.R.D. 60 (D.N.J. 1992) ..........................................................................................9

*H. H. Robertson Co v. U. Steel Deck Inc.*,
    820 F.2d 384 (Fed. Cir. 1987) .......................................................................................3

*Illinois Tool Works, Inc. v. Grip -Pak, Inc.*,
    906 F.2d 679 (Fed. Cir. 1990) .......................................................................................4

*Pegasus Development Corp. v. Directv, Inc.*,
    C. A. No. 00-1020-GMS, 2003 *WL* 21105073 (D. Del. May 14, 2003) ..................1, 8

*Remington Arms, Co., Inc. v. Modern Muzzleloading, Inc.*,
    1998 *WL* 1037920 (1998 M.D.N.C. 1998) ..................................................................3

*United Sweetner USA. Inc. v. Nutrasweet Co.*,
    766 F. Supp. 212 (D. Del. 1991) ...................................................................................2

*Xerox Corp. v. 3 Committee Corp.*,
    69 F. Supp. 2d 404 (W.D.N.Y. 1999) ...........................................................................2

**I.      ARGUMENT**

Avolent seeks a stay of this litigation while the reexamination of the '270 Patent is pending at the United States Patent and Trademark Office. Centillion Data Systems, LLC ("Centillion") opposes this motion relying on a decision of another court, which had before it a very different set of facts, and on an incomplete assessment of the factors to be balanced in determining a motion to stay. In particular, Centillion simply ignores those factors the would argue for a stay and incorrectly states the burden on the parties for its position that a stay should not be granted.

Additionally, Centillion disregards Congress's intent that the Patent Office should determine validity through the less costly reexamination procedure. Instead, it spends the substantial portion of its brief arguing the purported validity of the '270 patent. Centillion asks that this Court pre-judge the outcome of the Reexamination and, on the basis of some determination as to the merits of the prior art, conclude that no stay is necessary. At this point, however, only the Patent Office properly has the validity of the '207 patent before it, and the Patent Office has determined that there is a "substantial new question" about the validity of that patent (or at least, all the independent claims of that patent). The only question properly before the Court at this time is whether a stay pending the Reexamination furthers the interests of justice. On this one question, the answer is clear. Reexamination might substantially alter the substantive right in question in this litigation. It would be wasteful, prejudicial to Avolent, and an injustice to continue to litigate the case in the face of this possibility.

**A.      The Ruling in Indiana is Inapposite to this Case**

The factors that courts look to in determining whether to grant a stay are, inarguably, fact specific, e.g., "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Pegasus Dev. Corp. v. Directv, Inc.*, C. A. No. 00-

1020-GMS, 2003 WL 21105073, at *1 (D. Del. May 14, 2003) (Ex. A hereto) *quoting Xerox Corp. v. 3 Comm. Corp.,* 69 F.Supp. 2d 404, 406 (W.D.N.Y. 1999) (citing cases); *cf. United Sweetner USA. Inc. v. Nutrasweet Co.,* 766 F. Supp. 212, 217 (D. Del. 1991) (stating a similar test). Therefore a determination regarding a motion to stay in one case pending a reexamination, where the facts are entirely different should have no import on a decision in another case.

       The facts in the Indiana case are completely different than those in this case and hence, the ruling in the Indiana case based on those factors does not apply to this case. In the Indiana case, the court assessed several factors before making its determination that a balance of these factors did not favor a stay. For instance, the court noted that the defendant admitted in its reply that it would also like to accomplish discovery and file a Rule 11 motion, both of which would have to be delayed if the court granted the motion to stay. *See* Order on Renewed Motion to Stay at 3, *Centillion Data Sys., LLC v. Convergys Corp., et al.,* Case 1:04-cv-00073-LJM-WTL Document 222, filed Aug. 24, 2005, Exhibit 2 to Centillion Opp. (D.I. 8). Additionally, the court expressed concern that the filing of the motion to stay was merely a compounding of previous dilatory tactics on the part of the defendant, as the defendant had already challenged jurisdiction on questionable grounds, significantly delaying discovery, and then waited and filed a motion to stay, based on the reexamination proceedings, one day before discover responses were due. *Id*. at 2. Even in denying the motion, however, the court acknowledged that it "could not ignore the fact that to proceed with the litigation through claim construction and trial without the benefit of a decision on the petition for reexamination **may in fact waste resources**." *Id*. at 3 (emphasis added). The Indiana court balanced all the factors and determined at that time to deny the motion, but left open the option to reconsider its decision to the extent that it may later be more judicially efficient to stay proceedings if a decision has not been made by the USPTO prior to claim construction. *Id*.

None of the factors that led to the decision in the Indiana case are present here. Discovery in this case has not yet begun nor has Avolent expressed a desire to undertake discovery. Avolent did not initiate the reexamination proceedings; someone else did more than half a year ago. Avolent did not wait to file the motion to stay until the last day before discovery was due nor has it engaged in dilatory tactics. To the contrary, Avolent brought this motion twenty days after the complaint was filed, without seeking any of the extensions of time to respond so often requested and routinely granted. Avolent has no plan to file a Rule 11 motion, which might be delayed by a stay. Thus, none of the factors that the court in Indiana considered weighed in favor of denying the motion are relevant to the determination in this case. Rather as set forth in Avolent's motion and as will be further addressed below, all the factors in this case weigh in favor of granting the motion to stay.

### B.     Centillion Will Not Be Prejudiced By A Stay Of Proceedings.

Centillion argues that it will be prejudiced by a stay, but fails to address the typical types of prejudice examined by the courts, such as past expenditures on the case, already conducted discovery, and the timing of the reexamination request. *See e.g., Remington Arms, Co., Inc. v. Modern Muzzleloading, Inc.,* 1998 WL 1037920, at *2-3 (M.D. N.C. 1998) (Ex. B hereto). Centillion can not claim prejudice under these standards, as there has been no expenditure by Centillion except for the cost of filing the complaint, discovery has not yet been initiated, and the reexamination was filed months before Centillion filed a complaint in this suit. In fact, the prejudice factors typically reviewed by the courts all suggest that there is no prejudice to Centillion.

Instead Centillion argues that its equitable rights under the patent laws will be prejudiced as monetary damages will not suffice and therefore Centillion is also seeking to enjoin Avolent from utilizing the technology claimed. Centillion cites to *H. H. Robertson Co v. U. Steel Deck Inc*., 820 F.2d 384, 390 (Fed. Cir. 1987), to support its position that monetary damages are insufficient to make the patentee whole and therefore

3

Centillion would be prejudiced if it were not allowed to push this case to a speedy resolution. Centillion misstates the Federal Circuit's position.

In *Illinois Tool Works, Inc. v. Grip –Pak, Inc.,* 906 F.2d 679 (Fed. Cir. 1990), the Federal Circuit upheld the denial of a preliminary injunction by the district court, where the court had considered the alleged infringer's ability to pay sufficient monetary damages for any infringement during the course of the litigation and had concluded that there was no irreparable harm. The court stated that the application of a concept that every patentee is always irreparably harmed by an alleged infringer's pre-trial sales would disserve the patent system as much as past applications of the concept that no patentee could ever be irreparably harmed when an alleged infringer is capable of responding in damages. *Id.* at 683; s*ee also, Calmar, Inc. v. Emson Research, Inc.,* 838 F.Supp. 453 (C.D. Cal. 1993) (citing to *Illinois Tool Works, Inc.* that "the ability to fully compensate any harm with money damages, must be weighed in determining whether the principles of equity require the granting or denial of a preliminary injunction.").

Centillion has not argued that by delaying this action, Avolent will not be in a financial position to pay monetary damages if Avolent is found liable for patent infringement. Moreover, it appears that monetary compensation has been sufficient in the past for Centillion, as Centillion has sued several other companies on this patent and many have settled out of the litigation by taking a license. *See*, Memorandum in Support of Renewed Motion to Stay, *Centillion Data Sys., LLC v. Convergys Corp., et al.*, Case No. 1:04-CV-00073-LJM-WTL, Document 210-1 at 3, filed July 20, 2005. (Ex. C hereto) Thus, Centillion can not support its position of prejudice by now arguing that monetary compensation will not be sufficient.

Additionally, if Centillion is arguing that because it is seeking to enjoin Avolent from using the technology claimed in the '270 patent, this is evidence of the fact that it will be irreparable harmed; this argument is woefully insufficient. Irreparable harm is only presumed once there is clear showing that the patent is valid and infringed. *Calmar,*

4

*Inc. v. Emson Research, Inc.,* 838 F.Supp. 453, 456 (C.D. Cal. 1993).  That is certainly not the case here.  There has been no adjudication upholding the validity of the '270 patent. Nor has the validity or infringement of this patent been uncontested.  Rather, as evidenced by the request for a reexamination of the patent by a third party, the validity of this patent is strongly contested.

Centillion attempts to buttress its prejudice argument by suggesting if there is a delay, the value of enjoining Avolent might have diminished value as technology and market conditions may change.  Presumably, Centillion is arguing that its position in the market place will be damaged by a delay and thus it will be irreparably harmed.  This argument is not sustainable based on the facts.  Currently, Avolent does not compete directly with Centillion in the market place. *See,* Declaration of Doug Roberts in Support of Avolent Inc.'s Motion to Stay action Pending Reexamination of the '270 Patent.  (Ex. D hereto).  Avolent does not affect Centillion's market position and there is no irreparable harm.  To the extent, if any, that Avolent may compete with a licensee of Centillion, Centillion can be restored back to its original position by the payment by Avolent of the license fee that Centillion would have received from its licensee if its licensee had sold the product.  Again, there is no irreparable harm to Centillion and Centillion is not prejudiced.

Centillion also argues that it **may** be prejudiced by third party inadvertent spoliation predicated upon speculation that some of Avolent's "software partners" may have created the software in question.  Centillion provides not a whit of evidence in support of this speculation – and there is none.  As the Roberts Declaration demonstrates, Avolent developed the accused software in-house, years ago. *See ¶*4.  To the extent documentation of that development effort still exists, that documentation is within the control of Avolent, not some third party, and is at no risk of spoliation.

Accordingly as Centillion will not be prejudiced by the grant of a stay this Court should grant a stay pending reexamination of the patent-in-suit.

5

### C. Centillion's Arguments that the Reexamination will not Simplify Issues are Unavailing

Centillion has argued that the reexamination will not necessarily affect all the claims of the '270 patent and therefore will not simplify issues at trial. First, it is not necessary that any of the claims be invalidated or amended for reexamination to simplify matters at trial. Reexamination can simplify matters in a number of ways without the claims being invalidated or amended. For example, in the course of reexamination, the examiner and the patent owner typically discuss the similarities and differences between the invention of the claims and what is disclosed in the prior art. Such communication clarifies the scope of the claims and reveals to third parties how the participants intend the language of the claims to be understood. That, in turn, can be helpful to a court subsequently interpreting the claims in litigation. Similarly, a court later addressing questions of obviousness may refer to discussions that took place during the prosecution of the reexamination, of the level of skill in the art.

Second, Centillion's argument that because the reexamination was granted with respect to only the three independent claims, the dependent claims are not impacted, ignores the logic of patent claiming. Each dependent claim of a patent necessarily incorporates each and every limitation of the independent claim on which it rests and is thus, by definition no broader than that independent claim. If the scope of that independent claim is narrowed, whether through amendment or by the force of the patent owner's arguments, each of the claims dependent from that independent claim is also narrowed. This is particularly significant here, given the myriad of dependent claims set forth in the '207 patent. Any modification of independent claim 8, for example, necessarily also modifies dependent claims 9 through 46.

Moreover, even the procedural predicate upon which Centillion rests this argument is incorrect. Centillion implies that because the Patent Office did not grant an order requesting reexamination of all the claims that the remaining claims are not subject to the reexamination. This is simply not the case. All live claims are reexamined during

the reexamination procedure, whether they are the subject of the order granting the reexamination or not.  Manual of Patent Examining Procedure, §2255.[1]  The examiner is going to consider the validity of every claim printed in the '207 patent as part of this reexamination proceeding.

Third, Centillion's reference to the differing standards the Patent Office and the courts apply different standards in their validity analyses ignores the way those differing standards play out.  In the Patent Office, the patent owner bears the burden of proving to the examiner's satisfaction that the claims are properly patentable.  If the patent owner does, so, then the patent owner's burden is over: it is now up to the accused infringer to prove, by clear and convincing evidence, that the claims are not valid.  Given that the burden of proof is more favorable to the patent owner in litigation, and recognizing the Patent Office's credibility in making validity determinations, few defendants challenge a patent at trial on the very grounds overcome by the patent owner in the prosecution of an application or reexamination.  Indeed, if one were to rely on Centillion's reasoning, then there should never be a stay pending reexamination, as the court and the Patent Office may come to a different conclusion as to validity.  The reason that cases are so frequently stayed pending reexamination is that, should the Patent Office determine that the claims are invalid, then the right to which the litigation is directed is gone – there is simply nothing left for the court to decide.

Fourth, to the extent that Centillion spends pages speculating as to what the Patent Office ultimately going to decide, these arguments are simply not relevant to the issue at hand.  The fact is that months ago, a third party brought new prior art to the Patent

---

[1]    Section 2255 of the MPEP 2255 reads:

Scope of >Ex Parte< Reexamination IV B. *All "Live" Claims Are Reexamined During Reexamination*  ("Even when a request for reexamination does not present a substantial new question as to all "live" claims i.e., each existing claim not held invalid by a final decision, after all appeals, each claim of the patent will be reexamined. The resulting reexamination certificate will indicate the status of all of the patent claims and any added patentable claims.")

7

Office's attention. The Patent Office has determined that this prior art raises a substantial new question of patentability, which the Patent Office is now attempting to answer, through the procedure Congress has directed. And that is all the record before the Court can be made to say.

And finally, Centillion does not respond to the issue of intervening rights. If the Patent Office does not invalidate the claims, but does require that they be amended in order that they be confirmed, Avolent's past sales, even if infringing, are protected from liability by the doctrine of intervening rights. The damages period would then be merely the time between the end of the reexamination and any eventual trial. There is no way for the parties to conduct damages discovery with any efficiency until they know the damages period in question. This can only be attained by postponing that discovery until the results of the reexamination are known.

A stay will simplify matters and maximize the likelihood that neither the Court nor the parties expend their assets addressing not existent issues. And even if issues remain to be litigated after the reexamination is completed, the cost and scope of the remaining litigation are likely to be substantially reduced. Avolent respectfully suggests that a stay is therefore appropriate.

> **D.     Centillion Has Failed to Address All the Factors to be Balanced when Considering a Motion to Stay and Misstated the Burden.**

Centillion has chosen to be selective in the factors it used to assess whether a motion to stay should be granted. In fact, Centillion entirely failed to address the third factor the courts consider in deciding whether to stay a proceeding. This factor is whether discovery is complete and whether a trial date has been set. *See, Pegasus Dev. Corp. v. Directv Inc.,* 2003 WL 21105073, at *1 (D. Del. 2003) (Ex. A). Here, discovery has not been initiated and a trial date has not been set. Thus, all aspects of this case remain to be explored. Therefore, this factor weighs in favor of granting the motion to stay.

Instead, Centillion argues that discovery is inevitable regardless of the reexamination proceeding and therefore a motion to stay is not warranted. This argument first presumes the results of the reexamination are completely favorable to Centillion and second, implies that the standard is that motion to stay is unwarranted when there may be some discovery after a reexamination. This is not the standard and adherence to this proposition would require this Court to completely ignore the balancing of the factors set out by the courts to be considered in deciding whether to stay a proceeding.

Centillion also argues that a stay should not be granted, as Avolent has the burden "to show a clear case of hardship or inequity in begin required to go forward" and has failed to do so. Centillion's Opp. (D.I. 8) at 4. First, this is a misstatement of the burden and secondly, even if this were the standard, Avolent has met it.

The cases on which Centillion relies for the proposition that it is the burden of the party seeking the stay to show hardship, are all cases where discovery has been on-going and a trial date has already been set. Under those conditions, the court has stated that "[w]here a stay will forestall the trial date agreed upon by the parties, this Court has required the party requesting the stay to "make a showing of 'a clear case of hardship or inequity before the Court can enter a stay order.'" *Cognex Corp. v. National Instruments Corp.,* C. A. No. 00-442-JJF, 2001 WL 34368283 (D. Del. June 29, 2001) (Ex. E hereto). Generally, forestalling the trial after a party has invested significant expenditures into the litigation will result in harm or prejudice to that other party. *See, GPAC Inc. V. DWW Enterprises, Inc.,* 144 F.R.D. 60, 64-65 (D.N.J. 1992). For that reason, the Courts have required under that situation that the moving party show a clear case of hardship or inequality. However, in this case, there has been no trial date set and discovery has not begun. Centillion has not been prejudiced by expenditures on discovery, as there have been none and, as was discussed above and in Avolent's Motion to Stay, Centillion will not be prejudiced in any other way either by the granting of a stay. Thus, Avolent has no burden to show a clear case of hardship or inequity in being required to go forward.

Even if Avolent were required to make such a showing, it has done so. Avolent has demonstrated that it would suffer inequity and hardship if the case proceeds. As set forth in its Brief in Support of Its Motion to Stay Pending Reexamination of the '270 Patent (D.I. 6), Avolent stated that it would be forced to expend resource in time and money to address claims that may be invalidated or amended and in dealing with the changes such amendments may have on claim construction and any defenses that Avolent may assert. Even if the claims are not invalidated or amended, Avolent will need to spend resources revising its defenses depending on the scope of the claims, relevancy of the prior art, and knowledge of one of skill in the art, as determined by the USPTO during the reexamination.

## II.     CONCLUSION

In conclusion, Centillion will not be prejudiced by a grant of a stay pending reexamination by the USPTO, issues for trial will be simplified, and judicial resources will be reserved. Thus for the foregoing reasons, Avolent respectfully requests that this Court grant Avolent's Motion to stay Action Pending Reexamination of the '270 Patent.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

A. James Isbester
Gillian W. Thackray
ISBESTER & ASSOCIATES
3160 College Avenue, Suite 203
Berkeley, CA 94705
Telephone: (510) 655-3014
Facsimile: (510) 655-3614

Dated: December 1, 2005

709478

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Avolent, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Moore, hereby certify that on December 1, 2005, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Neal C. Belgam
Dale R. Dubé
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

I hereby certify that on December 1, 2005, I have Federal Expressed the documents to the following non-registered participants:

| | |
|---|---|
| Grant S. Palmer<br>Blank Rome LLP<br>One Logan Square<br>Philadelphia, PA  19103-6299 | Michael C. Greenbaum<br>Joel R. Wolfson<br>Denise Lane-White<br>Blank Rome LLP<br>600 New Hampshire Avenue, NW<br>Washington, DC  20037 |

By:   */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

706630