IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CENTILLION DATA SYSTEMS, LLC,    :
a Delaware Corporation,          :
                                 :
          Plaintiff,             :
                                 :
                                 :
     v.                          : Civil Action No. 05-712-JJF
                                 :
AVOLENT, INC.,                   :
a Delaware Corporation,          :
                                 :
          Defendant.             :

## MEMORANDUM ORDER

Pending before the Court is Avolent Inc.'s Motion To Stay Action Pending Reexamination Of The '270 Patent (D.I. 6). For the reasons discussed, the Motion will be denied.

### I. BACKGROUND

On May 5, 2005, a third-party filed a reexamination request with the United States Patent and Trademark Office ("USPTO"), which alleged that two pieces of prior art made three independent claims of U.S. Patent No. 5,287,270 ("the '270 patent") unpatentable. On June 26, 2005, the USPTO granted the reexamination request, concluding that the "prior art raised a substantial new question of patentability." (D.I. 6 at 1).

At the time the reexamination request was filed, Plaintiff Centillion Data Systems ("Centillion") was involved in litigation with Convergys Corporation, Qwest Communications International, and Qwest Corporation (collectively, "Qwest") in the District Court for the Southern District of Indiana. Following the

USPTO's granting reexamination, Qwest renewed a motion to stay. The court denied the motion to stay, suggesting Qwest filed the request for reexamination and concluding that this was yet another dilatory tactic by Qwest.  Centillion Data Systems, LLC v. Convergys Corp., 2005 WL 2045786, at *1 (S.D. Ind. Aug. 24, 2005).

On September 30, 2005, Centillion filed its Complaint against Defendant Avolent, Inc. ("Avolent") alleging infringement of the '270 patent.  Avolent requested that Centillion voluntarily agree to a stay in the instant lawsuit pending the outcome of the reexamination.  Centillion refused this request and Avolent filed the instant motion to stay.

**II. DISCUSSION**

The decision to grant or deny a stay is within the court's broad range of discretionary powers.  Dentsply Int'l, Inc. v. Kerr Mfg. Co., 734 F. Supp. 656, 658 (D. Del. 1990)(citations omitted).  While the Court is aware that the case is in its initial stages and that a reexamination could narrow the issues, the Court concludes that a stay will not substantially assist resolution of the issues.  The Court concludes that there is a substantial risk of prejudice to Centillion, given the findings of the Indiana Court.  After considering these findings, the Court is persuaded that the lead of the Indiana Court should be followed.  Accordingly, the Court will deny Avolent Inc.'s Motion

To Stay Action Pending Reexamination Of The '270 Patent (D.I. 6).

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  Avolent Inc.'s Motion To Stay Action Pending Reexamination Of The '270 Patent (D.I. 6) is **DENIED**.

2.  Avolent shall file its Answer no later than twenty (20) days from the date of this Order.

April __24__, 2006

_____
UNITED STATES DISTRICT JUDGE

3